IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL LUCAS** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 19-2799** |
| **v.** | : | |
| | : | |
| **BERRY SMITH,** *et al.* | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 6th day of October 2021, upon consideration of the *pro se* petition for a writ of *habeas corpus* filed by Petitioner Daniel Lucas ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1], the *Report and Recommendation* issued by the Honorable David R. Strawbridge, United States Magistrate Judge ("the Magistrate Judge"), [ECF 25], which recommended that the Petition be denied, and Petitioner's objections to the *Report and Recommendation*, [ECF 26], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] In his *habeas corpus* petition, Petitioner alleges numerous claims, including, *inter alia*, ineffective assistance of trial counsel and the imposition of an excessive and unlawful sentence. [ECF 1]. The Magistrate Judge issued a well-reasoned R&R, in which he recommended that all of Petitioner's claims be dismissed as either procedurally defaulted, non-cognizable, or without merit. Specifically, with respect to Petitioner's ineffective assistance of trial counsel claim, the Magistrate Judge concluded that the claim was procedurally defaulted because it had not been properly raised before the state courts. Petitioner filed an objection *solely* to this component of the R&R.

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

Recognizing that his ineffective assistance of trial counsel claim is procedurally defaulted, Petitioner argues in his objection that he can overcome the default under *Martinez v. Ryan* by showing the ineffective

3.  Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4.  No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

assistance of his PCRA counsel in failing to assert Petitioner's ineffective assistance of trial counsel claim. 566 U.S. 1 (2013). Petitioner attempts to meet *Martinez* by merely averring that "PCRA counsel was ineffective for failing to raise the claim of trial counsel's failure to file a 'requested' direct appeal . . . ." (Objs., ECF 26, ¶ 29). In support, Petitioner relies on the United States Supreme Court's decision in *Garza v. Idaho*, in which the Court reiterated its previous holding that a trial attorney's failure to file a direct appeal when asked to do so by the defendant is *per se* ineffective assistance of counsel. — U.S. —, 139 S. Ct. 738, 744 (2019). The *Garza* decision, however, was not issued in the context of a *habeas corpus* petition filed pursuant to 28 U.S.C. § 2254. Nor did it implicate or address a *habeas* claim that had been procedurally defaulted, as is the case here. Indeed, in *Garza*, unlike in this case, the petitioner raised the issue of his trial counsel's failure to file an appeal at the earliest opportunity, *i.e.*, during his state collateral proceedings.

Under *Martinez*, implicated here because of Petitioner's procedural default and reliance on the purported ineffectiveness of his PCRA counsel to overcome that procedural default, a petitioner must demonstrate "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  566 U.S. at 14.  Plaintiff's mere assertion that his PCRA counsel failed to raise the issue of his trial counsel's failure to file a direct appeal, without any attempt to show any merit to the forfeited direct appeal, is insufficient to meet the requirements of *Martinez*. As such, this Court agrees with the Magistrate Judge's analysis and conclusions and, therefore, finds that the Magistrate Judge did not commit error in his recommendations. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2]  A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.